UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FERNANDO PASSOW, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-2550-KDE-SS** |
| **M/V AFRICA GRAECA, et al** | |

## ORDER

PLAINTIFFS' MOTION TO COMPEL CORPORATE DEPOSITION (Rec. doc. 35)

**GRANTED IN PART AND DENIED IN PART**

DEFENDANTS' MOTION TO QUASH DEPOSITION (Rec. doc. 42)

**GRANTED IN PART AND DENIED IN PART**

Before the undersigned are: (1) the motion of the plaintiffs, Fernando Passow and Jane Passow, for an order compelling the defendants, Angelakos (Hellas), S.A. ("Angelakos"), Africa Graeca Shipping Ltd. ("Africa Graeca"), and The North of England Protection and Indemnity Association Limited ("North of England"), to produce one or more representatives to testify on their behalf prior to December 17, 2009; and (2) defendants' motion to quash corporate deposition.

1. <u>The plaintiffs were dilatory in seeking the deposition of the defendants</u>.

    The plaintiffs described the accident at issue as follows:

    > [A] collision in the Atlantic Ocean on 27 October 2008, approximately 400 miles east of the Bahamas when the M/V AFRICA GRAECA embarrassed the navigation, ran over, crushed and caused the sinking of the M/Y LUIZA. Fortunately, Mr. Passow was able to escape from his sinking sailboat with his life and faithful companion dog, Pandora; however, his forty-six foot sail boat, all of its contents and personal property were lost as result of the marine casualty.

    Rec. doc. 19 (Exhibit A). After the accident the vessel sailed to New Orleans. By November 2, 2008, the plaintiffs engaged counsel in New Orleans who threatened to arrest the vessel if a Letter

of Undertaking was not provided. Id. Although the vessel bore a foreign flag and its operator is based in Athens, the plaintiffs did not seek a pre-suit order requiring the crew to submit to depositions before the vessel departed. While they cite authority where this was done, they provide no explanation for not taking such action themselves.[1]

Although the plaintiffs report that "settlement prospects appeared extremely remote," and they were required to file a complaint, they took no action to depose the defendants until October 21, 2009. Rec. doc. 35 at 2. The scheduling order was entered on June 18, 2009. The discovery deadline was November 20, 2009. Rec. doc. 15. The plaintiffs waited until four of the five months available for discovery were gone before requesting the defendants' deposition.

The plaintiffs report that their October 21, 2009 request for a deposition was prompted by the undersigned's minute entry of that date (Rec. doc. 32), reporting that the parties were unable to negotiate a settlement. Rec. doc. 35 at 2. But prior to filing suit, the plaintiffs determined that settlement prospects appeared extremely remote, and a June 22, 2009 telephone settlement conference did not produce a settlement. Rec. doc. 16. Considering the location of the defendants and the scheduling order, it was not reasonable to exhaust settlement possibilities before pursuing the deposition of the defendants.

The plaintiffs filed their motion to compel on November 2, 2009 or shortly after defendants refused to comply with the proposed notice. Rec. doc. 35. Although the discovery deadline was less than three weeks away, the plaintiffs did not seek expedited consideration. Instead the motion was set for November 18, 2009. The plaintiffs consented to defendants' request to continue the hearing of the motion to December 2, 2009. Rec. doc. 39. The District Judge's order provides that,

---

[1] Rec. doc. 35 at 2, n. 1.

"[u]nless otherwise ordered, for good cause shown, this extension (to December 2, 2009) shall not impact the trial date, the pre-trial conference, or any other pre-trial deadlines." Rec. doc. 40 at 2. The pretrial conference is set for Thursday, December 17, 2009. The pretrial order must be submitted by Tuesday, December 15, 2009. The November 20, 2009 discovery deadline has not been extended. Assuming the District Judge extends discovery to December 15, 2009, there are less than ten (10) working days within which to take defendants' deposition.[2]

The plaintiffs have been dilatory in pursuing defendants' deposition.

2. <u>The defendants will not be required to produce corporate representatives in New Orleans</u>.

The general rule is that the deposition of a corporate defendant must be taken at its principal place of business.

> The deposition of a corporation through its officers or agents normally must be taken at its principal place of business, at least when the corporation is not the plaintiff and did not choose the forum for the lawsuit or was not forced to commence litigation at a location away from its headquarters.

7 James Wm. Moore, et al., Moore's Federal Practice ¶ 30.20[1][b][ii] (3d ed. 1997). In support of their request for a variance from the general rule, the plaintiffs urge that: (1) counsel for both parties are located within walking distance of each other; (2) although plaintiffs cooperated with defendants, defendants have not reciprocated; (3) significant discovery disputes may arise during the deposition requiring resolution by the Court; and (4) plaintiffs' seek one representative from Angelakos and one from Africa Graeca to testify concerning the matters set out in the notice.

The reasons offered by the plaintiffs are insufficient. Almost every case involving foreign corporations will have counsel of record in this district. The expectation of discovery disputes

---

[2] The undersigned is without authority to extend the District Judge's deadline for completion of discovery. The plaintiffs must seek an extension of the discovery deadline from the District Judge.

during the deposition does not require that the deposition be taken in New Orleans. Disputes arising during a deposition usually are resolved by telephone.

The plaintiffs may take the depositions of the defendants as follows:

a. Angelakos and Africa Graeca will be required to produce representatives for telephone depositions.[3]

b. Because of the time differences, the depositions shall begin at 7:00 a.m. CST.

c. If interpreters are required, the defendants shall bear the cost of the interpreters.

d. Counsel for both parties and the court reporter shall be present in the office of counsel for defendants in New Orleans during the depositions.

e. The depositions of the two defendants may be taken on separate days at the option of the plaintiffs.

f. The depositions shall be taken by Monday, December 14, 2009.

g. Any exhibits to be used during the depositions shall be pre-marked and delivered to the witness and opposing counsel at least 24 hours before the start of the deposition.

3. Production of documents.

Pursuant to Fed. R. Civ. P. 35(b)(2), "[t]he notice to party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." Id. The plaintiffs' October 21, 2009 deposition notice includes such a request. They seek the documents relating to sixty-three areas of examination identified in the notice. Rec. doc. 35 (Exhibit C). The plaintiffs report the receipt of discovery responses from the defendants. Rec. doc. 35 at 2. The

---

[3] The plaintiffs' deposition notice identifies North of England as the deponent. Rec. doc. 35(Exhibit C). The defendants contend that a deposition of North of England would accomplish nothing. Rec. doc. 42 at 7. In their motion to compel, the plaintiffs report they want the depositions of Angelakos and Africa Graeca.

4

defendants report they produced documents, including vessel logs. Rec. doc. 42 at 6.

Because of the minimal amount of time remaining before the pretrial conference, the plaintiffs' request for production of documents in conjunction with the deposition is denied.

4.  Scope of deposition.

Many of the plaintiffs' areas of examination seek testimony on information relating to all vessels in the defendants' fleet. For example, area no. 7 seeks testimony on "[a]ny policy, procedure or protocol of Defendants concerning 'watch' or 'lookout' on board any vessel within the fleet of vessels owned and/or operated by Defendants." Rec. doc. 35(Exhibit C). This is too broad. Area no. 8 seeks testimony on any policy or protocol concerning "watch" or "lookout" on board the M/V Africa Graeca on October 27, 2008. Area no. 8 shall include any policy or protocol "applicable to" the vessel. With that addition it is sufficient.

For the same reason as area no. 7, the plaintiffs will be denied any testimony on area of examination nos. 1, 3, 5, 12, 14, 15, 19, 20, 22, 24, 26, 31, 35, 36, 38, 41 and 43. Also in accord with the discussion of area no. 8, the permitted areas of examination shall include testimony on policies, procedures and protocols applicable to the M/V Africa Graeca on October 27, 2008.

To the extent the permitted areas of examination are not limited to a particular time, they are limited to 2008. For example, area no. 2 is limited to testimony on any policy, procedure or protocol of defendants for or applicable to the M/V Arica Graeca in 2008 for avoiding a collision at sea.

Area no. 49 seeks testimony concerning defendants' customary practice regarding the retention of two experts in the same field of expertise. This calls for the disclosure of information protected by the attorney work-product doctrine. Area nos. 46-48 and 50-51 also call for work-product. The defendants are not required to provide testimony on area of examination nos. 46-51.

5

Some of the areas seek designation of a representative who can testify with personal knowledge. For example, area no. 57 seeks the testimony of a representative of the defendants who can provide personal knowledge of the condition of Mr. Passow following the accident on October 27, 2008. The defendants are not required to produce persons with personal knowledge if such persons are no longer in the employ of the defendants or if they are at sea during the time within which the deposition is to be taken. This applies to area of examination nos. 16, 18, 57-61 and any other area where personal knowledge is sought.

The depositions of Angelakos and Africa Graeca shall proceed on the remaining areas of examination as provided herein.

5.  Hague Convention.

The defendants report that the master of M/V Africa Graeca on October 27, 2008, its chief officer and its boatswain are no longer employed by the defendants. They report that the chief engineer and a seaman on the M/V Africa Graeca on October 27, 2008 are onboard other vessels which are at sea. The defendants urge that the depositions of the former employees must be pursued through the Hague Convention. The time remaining is not sufficient to pursue the depositions of the former employees. The defendants are not required to produce former employees or those persons employed by it at sea during the time set for the depositions.

IT IS ORDERED that plaintiffs' motion to compel corporate deposition (Rec. doc. 35) and defendants' motion for protective to quash notice of deposition and for protective order (Rec. doc. 42) are GRANTED in PART and DENIED in PART as provided herein.

New Orleans, Louisiana, this __3rd__ day of December, 2009.


**SALLY SHUSHAN**
**United States Magistrate Judge**